# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OCTAVIOUS HODGES, ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | |
| ) | **Case No. CIV-13-249-M** |
| JUSTIN JONES, DIRECTOR OF ) | |
| OKLAHOMA DEPARTMENT OF ) | |
| CORRECTIONS,[1] ) | |
| ) | |
| **Respondent.** ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B)-(C). In accordance with Rule 4, Rules Governing Section 2254 Cases, and following careful examination of the petition, the undersigned recommends that it be **DISMISSED** on filing.

## PROCEDURAL BACKGROUND

On September 21, 2010, Petitioner was convicted after a jury trial in the District Court of Washita County, Case No. CF-2009-133, on charges of Attempted Robbery with a Dangerous Weapon, Possession of a Firearm during the Commission of a Felony,

---

[1] Petitioner incorrectly names as respondent Tim Wilkinson, warden of the private prison where Petitioner is incarcerated. Pursuant to Rule 2(a) of the Rules Governing § 2254 cases, Justin Jones, Director of the Oklahoma Department of Corrections, is "the state officer having custody of the applicant[.]" Justin Jones is hereby substituted for Tim Wilkinson as Respondent.

and Conspiracy to Commit Robbery with a Dangerous Weapon. He was sentenced on November 4, 2010 (Petition at 1).

Petitioner appealed to the Oklahoma Court of Criminal Appeals (OCCA). The OCCA affirmed his conviction on October 26, 2011.[2] Petitioner did not file a petition for certiorari in the United States Supreme Court.

## ANALYSIS

### I.    Petitioner's Grounds for Relief

Petitioner raises the same claims he raised before the OCCA: (1) that multiple charges, convictions and punishments for Counts I, II, and IV violates Petitioner's constitutional right to protection against double jeopardy; (2) that the trial court failed to instruct the jury that the testimony of Misty Salas, Lonnie Marvin Ray and Jolene Ray had been impeached with prior inconsistent statements; (3) that the trial court committed reversible error by failing to hold a "Harjo" hearing to determine the scope, object and duration of the alleged conspiracy;(4) that the sentences imposed were excessive and should be modified; and (5) that the cumulative effect of all the errors deprived Petitioner of a fair trial.

### II.    Timeliness of Petition

Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner must file a federal habeas action challenging his conviction within one year of the date that his state court conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner's conviction became final, and the one-year

---

[2] The Court takes notice of the docket sheet in Case No. F-2010-1087 (Okla. Crim. App.).

limitations period began running on January 24, 2012, the expiration date of the ninety-day period during which he could have filed a petition for writ of certiorari with the United States Supreme Court. *See Locke v. Saffle*, 237 F.3d 1269, 1272, 1273 (10th Cir. 2001) (a petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed). Since the one-year limitation period is calculated using the anniversary date method, *see United States v. Hurst*, 322 F.3d 1256, 1259-61 (10th Cir. 2003), Petitioner's deadline for filing a federal habeas action was January 24, 2013. The instant habeas Petition was post marked March 7, 2013, and was received and filed by this Court on March 11, 2013, after the limitations period had expired.[3] As demonstrated below, neither statutory tolling nor equitable tolling serves to make the Petition timely filed.

## A.    Statutory Tolling

The tolling provision in 28 U.S.C. § 2244(d)(2) provides that the one-year limitation period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2) .

---

[3] A habeas petition is "deemed filed" when the petitioner deposits it in the prison mail system. *See Hoggro v. Boone*, 150 F.3d 1223, 1226 n. 3 (10th Cir. 1998). *See also Houston v. Lack*, 487 U.S. 266, 270 (10th Cir. 1998). In this case, the Petition is not dated, and Petitioner has not demonstrated that he placed the Petition in the prison mail system before the date it was post marked. Therefore, the date the document was post marked is the date this Court has used for time calculations.

In this case, Petitioner filed an application for post-conviction relief on December 22, 2011, which the trial court denied on January 18, 2012.[4] Because this post-conviction proceeding was final before the limitations period began to run, it does not toll the limitations period.

According to the trial court's docket sheet, Petitioner filed a Notice of Post-Conviction Appeal on February 1, 2012. The OCCA declined jurisdiction and dismissed the post-conviction appeal on March 7, 2012.[5] The OCCA's declination of jurisdiction and dismissal of Petitioner's post-conviction appeal suggests that the appeal was not "properly filed." If the appeal was not properly filed, the thirty-seven days during which the post-conviction appeal was pending would not toll the limitations period. Moreover, even if the pendency of the post-conviction appeal tolled the limitations period, the limitations period would have expired on March 4, 2013. As the Petition was post marked and deemed filed on March 7, 2013, the Petition would still be untimely.

## B.    Equitable Tolling

The 28 U.S.C. § 2244(d)(1) limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549, 2560 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Extraordinary circumstances that warrant equitable tolling of the limitations period may include "a constitutional violation [that] has resulted in the conviction of one

---

[4] The Court takes notice of the docket sheet in Case No. CF-2009-133, District Court of Washita County.

[5] The Court takes notice of the docket sheet in Case No. PC-2012-156, Okla. Crim. App.

who is actually innocent or incompetent." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling may also be appropriate, for example, "when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). The habeas petitioner must "show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008)(internal quotations omitted). *See Miller*, 141 F.3d at 978 (dismissing petitioner's equitable-tolling argument because he "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims").

In this case, Petitioner states that he did not receive his legal mail, which contained a copy of the trial court's denial of his post-conviction application, until the time to file an appeal to the OCCA had expired. But Petitioner had ten months remaining in his federal habeas limitations period when the OCCA declined jurisdiction and dismissed his post-conviction appeal. At that point, Petitioner could have filed an application for post-conviction relief seeking an appeal out of time, or he could have filed his habeas petition in this Court at any time during the remaining ten months of his federal habeas limitations period.

Moreover, Petition does not state that he is actually innocent of the crimes underlying his conviction. None of the claims asserted in the Petition before this Court could be construed as a claim of actual innocence.

In sum, Petitioner's Petition for Writ of Habeas Corpus was not timely filed in this Court. Neither statutory nor equitable tolling applies to the facts in this case. It is therefore recommended that the Petition be dismissed as untimely filed.

## RECOMMENDATION

It is recommended that Petitioner's Petition for habeas relief be **DISMISSED** upon filing as time-barred.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **September 16, 2013**. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on August 28, 2013.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE